UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.                      ) | Cr. No. 14-10357-MLW |
| ) | C.A. No. 18-12270-MLW |
| KEVIN JOHNSON,          ) | |
|      Defendant.         ) | |

MEMORANDUM AND ORDER

WOLF, D.J.                                            September 8, 2022

On May 10, 2017, Johnson was sentenced to 70 months in prison and 36 months of supervised release for wire fraud conspiracy. See Judgment (Dkt. No. 417); see also Amended Judgment (Dkt. No. 471) (ordering restitution). On June 25, 2018, the First Circuit affirmed his sentence. See First Circuit Judgment (Dkt. No. 477); see also First Circuit Judgment (Dkt. No. 501) (affirming restitution order).

On October 29, 2018, Johnson filed a pro se Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. §2255. See Dkt. No. 490 (the "§2255 Motion"). Johnson requests resentencing on the basis of ineffective assistance of counsel at sentencing. See id. at 12. More specifically, Johnson claims that his counsel failed to investigate the government's contentions regarding loss amount and stipulated to a greater loss than was accurate, resulting in an erroneous Guideline calculation. See id. at 5, 12, 14. In addition, on April 27, 2019, Johnson submitted a pro se letter to the court requesting permission to add an additional ground to his

1

§2255 Motion. See Dkt. No. 496. The letter does not specify the nature of the additional ground he wishes to add.

Johnson began his term of supervised release on April 7, 2020. See Dec. 8, 2020 Probation Request for Transfer of Jurisdiction (Dkt. No. 509). On December 8, 2020, Probation reported that Johnson planned to maintain residence in Florida and requested a transfer of jurisdiction to the Southern District of Florida. Id. at 1. The court ordered the case transferred pursuant to 18 U.S.C. §3605 on December 11, 2020. See Dkt. No. 510.

On September 1, 2021, a district court in the Southern District of Florida revoked Johnson's supervised release and sentenced him to five months of custody. See Revocation Judgment (Case No. 20-60043-RS-1, Dkt. No. 13), attached hereto as Exhibit 1. Johnson was not sentenced to an additional term of supervised release. See id. Bureau of Prisons records indicate that Johnson was released from custody on February 18, 2022.[1]

On March 31, 2022, the government filed a Motion to Dismiss the §2255 Motion. See Dkt. No. 515. The government asserted that "[b]ecause Johnson is no longer in custody, and the [§2255] Motion seeks only the imposition of a shorter sentence, it is moot." Id. at 1. Alternatively, the government argues that Johnson's counsel

---

[1] See Inmate Locator, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc (for Inmate Register 96507-038).

2

at sentencing was not ineffective. See id. at 1-2. Johnson did not respond.

Even construing Johnson's pro se §2255 Motion petition liberally, see Erickson v. Pardus, 551 U.S. 89, 94 (2007), he is not entitled to relief. Because Johnson only challenges his sentence, and his sentence has been completed, the §2255 Motion is moot.

The fact that Johnson is no longer in custody does not alone render the §2255 Motion moot.[2] The Supreme Court has "interpreted the statutory language as requiring that the habeas petitioner be 'in custody' under the conviction or sentence under attack <u>at the time his petition is filed</u>." Maleng v. Cook, 490 U.S. 488, 491 (1989) (emphasis added).[3] Johnson was in prison at the time he filed the §2255 Motion in 2018.

---

[2] The court notes that "the First Circuit has indicated that the 'in custody' requirement of §2255 is satisfied by an individual who has completed their period of incarceration but is serving a term of supervised release." United States v. Burns, Cr. No. 10-10390-GAO, 2022 WL 686686, at *1 (D. Mass. Mar. 8, 2022) (citing Francis v. Maloney, 798 F.3d 33, 37 (1st Cir. 2015)). Johnson's original term of supervised release would have expired on April 7, 2023. However, his supervised release was revoked, and Johnson completed his revocation sentence, which did not include an additional period of supervised release. Therefore, he is no longer in custody.

[3] "While Maleng [] involved a habeas corpus attack on a state conviction, the 'in custody' requirement of an actual restraint on liberty applies equally to proceedings under §2254 and §2255." United States v. Michaud, 901 F.2d 5, 7 (1st Cir. 1990).

3

In addition, in <u>Spencer v. Kemna</u>, the Supreme Court explained that "[o]nce the convict's sentence has expired, [] some concrete and continuing injury other than the now-ended incarceration or parole -- some 'collateral consequence' of the conviction -- must exist if the [§2255] suit is to be maintained." 523 U.S. 1, 7 (1998); <u>see also</u> <u>Carafas v. LaVallee</u>, 391 U.S. 234, 237 (1968) (holding that a habeas claim was not rendered moot by the fact that the petitioner's underlying sentence had expired while the claim was pending because the "collateral consequences" of the conviction -- including the petitioner's inability to vote, serve as a juror, or engage in certain businesses -- gave him a "a substantial stake in the judgment of conviction which survives the satisfaction of the sentence imposed on him").

However, Johnson does not request that the court vacate his conviction. Rather, the §2255 Motion only seeks resentencing to correct an alleged error in the calculation of Johnson's Guideline range. <u>See</u> §2255 Motion at 3. Because Johnson has already completed his sentence, and he seeks only resentencing under a lower Guideline range, this case is moot. <u>See</u> <u>Lane v. Williams</u>, 455 U.S. 624, 631 (1982) ("Since respondents elected only to attack their sentences, and since those sentences expired during the course of these proceedings, this case is moot."); <u>see also</u> <u>North Carolina v. Rice</u>, 404 U.S. 244, 248 ("Nullification of a conviction may have important benefits for a defendant . . . but urging in a

4

habeas corpus proceeding the correction of a sentence already served is another matter."); Owen v. United States, 930 F.3d 989, 990 (8th Cir. 2019) (holding that petitioner's §2255 motion was moot when he challenged only his term of imprisonment and he was released from prison while the petition was pending). In addition, because Johnson only challenges his sentence, the collateral consequences that attach to a felony conviction -- including those identified by the Supreme Court in Carafas -- would be unchanged even if Johnson received the relief he now seeks. See Owen, 930 F.3d at 990 (petitioner did not "contend that he suffers any collateral consequence from the expired term of imprisonment").

In view of the foregoing, it is hereby ORDERED that defendant's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. §2255 (Dkt. No. 490) is MOOT and, therefore, DISMISSED.

/s/ *signature*
UNITED STATES DISTRICT JUDGE